UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alonzo Key, #192814, | ) | C/A No. 1:11-2715-DCN-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Pete Frommer, Chief of Police; | ) | |
| John Medlin, Badge #253; | ) | |
| Martin Sawer, Badge #143; | ) | |
| Bill Martin; | ) | |
| John Doe, Subordinate Officers, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Alonzo Key, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Wateree River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff alleges that the Defendants violated his Fourth Amendment constitutional rights, and he seeks money damages and injunctive relief. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

Background

Plaintiff alleges that Detective Medlin instructed Solid Waste Supervisor Bill Martin to collect the trash cans from 824 Barnwell Avenue on September 8, 2009, which he allegedly did. Plaintiff alleges that Detective Medlin, at the Aiken Department of Public Safety headquarters, along

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) and (e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

with Detective Sawyer[2] searched the contents of two trash cans collected from the roadside near 824 Barnwell Avenue. Plaintiff alleges that the search "found evidence of the use or sales of illegal narcotics" and that certain mail was addressed to Angelina Pollard and Alonzo Key at 824 Barnwell Avenue, N.E. Plaintiff alleges that this search of trash was a violation of his Fourth Amendment rights and did not establish probable cause to arrest him.

Plaintiff alleges that on September 21, 2009, at 824 Barnwell Avenue, N.E., Aiken, South Carolina, he was asleep in his bed when police broke in the outside door and thereafter, broke in his bedroom door. Plaintiff claims that he was seized by law enforcement officers while other officers searched his house for contraband and drug evidence. Plaintiff alleges that he was arrested and taken to jail, where he was read the search warrant and arrest warrant. Plaintiff alleges that the Defendants were prohibited from performing a warrantless entry of his house on September 21, 2009, and that the search of his house and the seizure of his person was all in violation of the Fourth Amendment. Plaintiff asserts that Pete Frommer, Chief of Police, failed to adequately train his subordinates related to constitutional limits on search and seizures.

Plaintiff alleges that the September 2009, searches of his trash and house led to charges of possession of crack cocaine and possession of crack cocaine within one-half mile of a school, indictment number 10-GS-02-0458. Plaintiff alleges that he pled guilty as charged, and on March 15, 2010, he received a sentence of twelve years, suspended to eight years, with three years probation. Plaintiff seeks money damages and injunctive relief pursuant to the allegedly

---

[2] Detective Sawyer is likely Martin Sawer, a named defendant, but Plaintiff spelled his name differently.

unconstitutional search and seizures related to indictment number 10-GS-02-0458.[3] Plaintiff alleges that he filed a petition for post-conviction relief (PCR) on August 30, 2010, which the state court denied and dismissed with prejudice on August 17, 2011. Plaintiff alleges that his PCR attorney, Brett H. Lancer, filed a notice of appeal for Plaintiff on August 31, 2011, and the appeal is pending.

### Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a

---

[3] Plaintiff alleges that on January 3, 2009, while driving his car, he was charged with possession of crack cocaine, indictment number 10-GS-02-0459. He alleges that indictment 10-GS-02-0459 was nolle prossed. Plaintiff filed a separate § 1983 action in this Court, which is currently pending, raising claims of Fourth Amendment violations related to indictment 10-GS-02-0459. *See Key v. Miano. et al.*, C/A No. 1:11-1613-DCN-JRM (D.S.C.) (Plaintiff filed an interlocutory appeal on September 23, 2011).

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

The Supreme Court has held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment). The United States Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008).

It appears that Plaintiff is serving a sentence of imprisonment due to his conviction of crimes charged in indictment number 2010-GS-02-0458, possession of crack cocaine and possession of crack cocaine within one-half mile of a school. In this action, Plaintiff seeks to attack as unconstitutional the September 2009, searches of his trash and house, and the seizure of his person, which ultimately led to his conviction. A favorable determination on the merits of Plaintiff's claims in this § 1983 action would imply that Plaintiff's conviction in 2010-GS-02-0458 was invalid and unlawful. Here, Plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his state court conviction in 2010-GS-02-0458. In fact, Plaintiff alleges that there is a *pending* state PCR action challenging his conviction. Thus, the Complaint should be dismissed because Plaintiff brought this action prematurely, and he failed to state a claim on which relief may

be granted.[4]

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. **Plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

October 26, 2011
Columbia, South Carolina

---

[4] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Bd.*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).