IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ALONZO KEY, #192814, | ) C/A No. 1:11-2715 DCN |
|         Plaintiff, | ) |
| vs. | ) **O R D E R** |
| PETE FROMMER, CHIEF OF POLICE; JOHN MEDLIN, BADGE #253; MARTIN SAWER, BADGE #143; BILL MARTIN; and JOHN DOE, SUBORDINATE OFFICERS | ) |
|         Defendants. | ) |

    The above referenced case is before this court upon the magistrate judge's recommendation that the complaint be dismissed without prejudice.

    This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. <u>United States v.</u>

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1]  **No objections have been filed to the magistrate judge's report and recommendation.**

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **AFFIRMED**, and the complaint is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED**.

David C. Norton
Chief United States District Judge

Charleston, South Carolina
December 5, 2011

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.